UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN LLOYD WRIGHT,

Petitioner,

v.

MATTHEW PUTRA et al.,

Respondents.

/

Case No. 1:26-cv-2509

Honorable Paul L. Maloney

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) Petitioner was detained at the North Lake Processing Center in Baldwin, Michigan, when he initiated this action. (*See id.*) For the following reasons, the Court will deny in part Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, order further briefing regarding Petitioner's third-country removal claim, and enjoin Respondents from removing Petitioner from the United States to enable the Court to retain jurisdiction to adjudicate the remaining claim.

**Discussion**

**I. Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of Petitioner's current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner and ordering that "with respect to any third country removal, Respondents must provide written notice to [Petitioner and counsel] . . .

and that DHS may not effect removal for at least fifteen days to allow [Petitioner] a meaningful opportunity to investigate and contest removal to the newly designated third country." (Pet., ECF No. 1, PageID.23.)[1]

In an order entered on September 8, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 3.) Respondents filed their response on September 11, 2026, (ECF No. 4), and Petitioner filed a reply on September 16, 2026, (ECF No. 5).

## II. Relevant Factual Background

Petitioner is a citizen of Jamaica who entered the United States in 2024 on an H2A visa. (Notice to Appear (NTA), ECF No. 4-1, PageID.71.) Petitioner overstayed his visa, and on February 27, 2026, ICE issued Petitioner an NTA charging him as removable under "Section 237(a)(1)(B) of the Immigration and Nationality Act [(INA)] . . . in that after admission as a nonimmigrant . . . you have remained in the United States for a time longer than permitted." (*Id.*)

On June 30, 2026, the Detroit Immigration Court denied Petitioner's asylum application and ordered that Petitioner be removed to Jamaica, but granted Petitioner withholding of removal under INA § 241(b)(3). (July 1, 2026, Am. Order Immigration Judge, ECF No. 4-3.) The Immigration Court's amended order did not designate an alternate country for removal. (*See id.*) Petitioner waived his right to appeal the Immigration Judge's amended order and the government reserved their right to appeal. (*Id.*, PageID.85.) Any appeal to the Board of Immigration Appeals (BIA) was due on July 30, 2026, and no appeal was filed by that date. (*See id.*)

[1] On September 24, 2026, Petitioner filed a motion for a temporary restraining order, in which Petitioner seeks preliminary relief regarding his third-country removal claim. (ECF No. 6.) In light of the Court's directions in this opinion, in which the Court, *inter alia*, enjoins Respondents from removing Petitioner from the United States at this time, which is the relief sought in the motion for a temporary restraining order, the entry of this opinion moots Petitioner's motion.

On September 23, 2026, Petitioner was transferred to the "Alexandria Staging Facility in Alexandria, Louisiana," which Petitioner states is typically used "as a holding center where detainees are held for a few days up to two weeks before they are removed to another country." (Mot., ECF No. 6, PageID.100.)

**III. Habeas Corpus Legal Standard**

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

**IV. Analysis**

As noted above, on June 30, 2026, the Immigration Court ordered that Petitioner be removed from the United States to Jamaica, but granted withholding of removal under INA § 241(b)(3). (July 1, 2026, Am. Order Immigration Judge, ECF No. 4-3.) Any appeal to the BIA was due on July 30, 2026, and no appeal was filed by that date. Following the expiration of Petitioner's appeal period, Petitioner's order of removal became administratively final, and at that time, Petitioner's detention became governed by 8 U.S.C. § 1231. *See* 8 U.S.C. § 1101(a)(47)(B) (setting forth that for the purposes of 8 U.S.C. § 1231(a)(1)(B)(i), a removal order "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals affirming such an order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals").

Section 1231 of Title 8, titled, "Detention and removal of aliens ordered removed," provides in relevant part that, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')," 8 U.S.C. § 1231(a)(1)(A), and that "[d]uring the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A).

Here, based on the information before the Court, Petitioner is within the 90-day removal period during which Petitioner is subject to mandatory detention. *See id.* § 1231(a)(1)(A); *see also id.* § 1231(a)(2)(A). Accordingly, because Petitioner is within the 90-day removal period, as set forth in 8 U.S.C. § 1231, at this time, Petitioner's request for release from detention will be denied.

With respect to Petitioner's claim regarding his potential removal to a third country (*see* Pet., ECF No. 1, PageID.16–22), in their response, which was filed on September 11, 2026, Respondents argue, *inter alia*, that this claim is not ripe because "Petitioner does not allege that ICE has identified a third country for his removal or that removal to a third country is scheduled." (Resp., ECF No. 4, PageID.44.) On September 23, 2026, Petitioner was transferred to the "Alexandria Staging Facility in Alexandria, Louisiana," which Petitioner states is typically used "as a holding center where detainees are held for a few days up to two weeks before they are removed to another country." (Mot., ECF No. 6, PageID.100.)

As noted above, Petitioner was granted withholding of removal to Jamaica and no alternate country was designated in the Immigration Court's July 1, 2026, amended order. Although in their response dated September 11, 2026, Respondents argued that Petitioner's third-country removal claim was not ripe because "Petitioner does not allege that ICE has identified a third country for his removal or that removal to a third country is scheduled," the information provided in Petitioner's recently filed motion suggests that Respondents may be taking steps to remove

Petitioner to an unidentified third country. Under these circumstances, the Court concludes that the current briefing regarding Petitioner's third-country removal claim is insufficient to resolve the claim.

Accordingly, the Court will order Respondents to file a supplemental response within five days addressing Petitioner's third-country removal claim. In their supplemental response, Respondents will be directed to address the following: (1) has a third country been identified for Petitioner's removal; (2) if a third country has been identified, which country was identified; and what opportunity has Petitioner had to apply for asylum or withholding of removal to prevent removal to the third country; and (3) if a third country has not yet been identified, do Respondents intend to remove Petitioner to a third country; when do Respondents expect to identify the specific third country; and will Respondents provide Petitioner with an opportunity to apply for asylum or withholding of removal to prevent removal to the third country. Petitioner may file a reply to Respondents' supplemental response within three days of the filing of the supplemental response. To enable the Court to retain jurisdiction to adjudicate this remaining claim, the Court will enjoin Respondents from removing Petitioner from the United States at this time. *Cf. Diallo v. Raycraft*, No. 1:26-cv-2053, 2026 WL 2861072 (W.D. Mich. July 14, 2026) (granting a motion for a temporary restraining order preventing Respondents from removing the petitioner to a "third country without first affording him a full and fair opportunity to raise a fear-based claim about his removal to that specific country before an immigration judge").

## **Conclusion**

For the reasons discussed above, the Court will enter an order denying in part Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering further briefing regarding Petitioner's third-country removal claim, as detailed above, and enjoining Respondents

from removing Petitioner from the United States to enable the Court to retain jurisdiction to adjudicate the remaining claim.[2]

Dated: September 25, 2026

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge

[2] As set forth above, the entry of this opinion moots Petitioner's recently filed motion for a temporary restraining order. *See supra* note 1.